O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for HSI ASSET SECURITIZATION CORPORATION TRUST SERIES 2006-HE2,<br><br>             Plaintiff,<br><br>      v.<br><br>LEOPOLDO CAMACHO,<br><br>             Defendant. | Case No. CV 10-08318 DDP (SSx)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |

   The court orders Defendant to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction.  Plaintiff filed this action in state court against Defendants, alleging that Defendant unlawfully failed to surrender possession of the real property located at 1218 Lagoon Ave, Wilmington, CA 90744 following a non-judicial foreclosure sale. Plaintiff's Complaint states that Plaintiff seeks $50 per day in damages and a demand not to exceed $10,000.  (Complaint 1, 3.)
///

1      On July 1, 2010, Defendant removed to this court, asserting federal question and/or diversity jurisdiction. (Notice of Removal 6:23-28.)

       Under 28 U.S.C. § 1441(b), a defendant may remove to federal court "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States . . . ." "Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." <u>Vaden v. Discover Bank</u>, 129 S. Ct. 1262, 1272 (2009) (internal quotation marks and citation omitted). "Federal law cannot be predicated on an actual or anticipated defense . . . . Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim." <u>Id.</u> (citations omitted). Here, nothing on the face of Plaintiff's complaint suggests a federal question, and Defendant offers no support for Defendant's assertion that the matter presents a federal question.

       Alternatively, a federal court may exercise diversity jurisdiction when there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. While Defendant avers that this court has diversity jurisdiction, it is not clear to the court that either complete diversity of parties or the amount in controversy requirement is satisfied.

       Accordingly, the court orders the parties to file cross-briefs, not to exceed ten pages, by Friday, February 25, 2010, to show cause why this action should not be remanded for lack of subject matter jurisdiction. The parties should also deliver a

2

1  courtesy copy to chambers, Room 244-J, Second Floor, 312 N. Spring
2  Street, Los Angeles.  The court notes that the Defendant has the
3  burden of establishing removal jurisdiction. If a party does not
4  file a brief, the court will regard the party as not opposing
5  remand of this matter.

7  IT IS SO ORDERED.

10 Dated: February 9, 2011

       DEAN D. PREGERSON
       United States District Judge

3